### MONROE V. MAPLES ET AL.

In an action for a malicious prosecution the plaintiff must show that he was acquitted.

An action of the case for a perjury will not lie against a witness after a lapse of years.

ACTION of the case; declaring, that on or about the 1st of August A. D. 1788, the defendants in Montville, did combine

together, and maliciously conspire to injure and destroy the plaintiff's property and reputation, and did falsely and corruptly accuse the plaintiff of having feloniously contrived and conspired with Joshua Valet, James Chappel, and Lydia his wife, and Sarah Monroe, to commit a secret assault on the body of Marcia Maples, and her to imprison for four hours, and in pursuance of said wicked combination aforesaid, the defendants did in the name of said Marcia, make and exhibit a false complaint against the plaintiff, and said Joshua Valet, etc., to Justice Raymond, and prayed out a warrant thereon, by which he was arrested and had before William Hillhouse, Esq. assistant, on the 24th of August 1788; and the defendants did before said assistant, falsely and maliciously accuse the plaintiff of the facts charged in said complaint, by means whereof he was bound to the County Court; and before said County Court, the defendants were admitted as witnesses to said complaint, and then and there did on oath falsely declare that the plaintiff did aid and assist Joshua Valet in the night of the 27th of July, A. D., 1788, to commit a rape upon the body of said Marcia Maples; when the defendants well knew that the plaintiff was not accessary to any abuse offered by said Valet to said Marcia on said evening; but caused him to be made a party in order to prevent his being a witness; that in fact said Marcia received no abuse that night from any person, and the whole was calculated and done to cover her shame; that by means of the defendants maliciously conspiring to accuse him, and falsely swearing to condemn him as aforesaid, he was convicted on said complaint, before said County Court; fined £10; and amerced in damages £60 lawful money. When the defendants at said County Court, 'and at all times knew, that the facts charged in said complaint against him were false, and to his damage £560; per writ dated the 6th of January A. D. 1792. Demurrer to the declaration. And,

Judgment — That the declaration was insufficient.

If this is to be considered as an action upon the case for a malicious prosecution, the plaintiff hath not shown that he was acquitted, but that he was convicted. If as an action for

the injury done him by the defendants' false swearing and perjury, it is not brought upon the statute, nor within the time limited by law; and it would be of dangerous consequence to admit actions of this nature to lie against witnesses after so great a lapse of time.