JOHN BROWN *vs.* NEHEMIAH G. RANDALL AND ANOTHER.

In an action for a malicious prosecution the contents of the complaint and warrant upon which the plaintiff was arrested may be proved by parol where they have been lost or destroyed.

Parol evidence is also admissible to show that the plaintiff appeared before the police court upon the complaint and that the defendant sent word to the court that he should not further prosecute the complaint and that the plaintiff was thereupon discharged, although no entry of the proceeding appeared upon the files or record of the court.

It is not necessary to sustain an action for malicious prosecution, that the plaintiff should have been acquitted in the criminal proceeding. It is sufficient if the plaintiff was discharged without a trial, by a withdrawal or abandonment of the prosecution, not made at his request or by arrangement with him, if the jury shall find on the whole evidence that there was want of probable cause.

TRESPASS ON THE CASE, for a malicious prosecution; brought to the Superior Court in New London county and tried to the jury on the general issue before *Minor, J.*

On the trial it appeared in evidence that a grandjuror's complaint against the plaintiff had been obtained by the defendants, and a warrant had been procured by them for his arrest, and that he had been arrested by virtue thereof and brought before the police court of the city of Norwich, for trial. The plaintiff then introduced the clerk of the police court, who testified that the complaint and warrant came into his possession, and that he had made diligent search for them and was unable to find them or any record of them. He then stated that he never recorded the complaint and warrant, but threw them into a waste-basket and they had become lost or destroyed. To this evidence the defendants objected, but the court admitted it.

The plaintiff then offered evidence to prove that, after he had been brought before the court, the officer made return of his arrest, and handed the complaint, warrant and return to the judge of the court, the clerk being absent; that the defendants and their counsel, who acted for the grand-juror as prosecuting officer, were informed of the readiness of the court to go on with the trial; that the defendants and their counsel, although they did not appear in court, sent word to the judge that they should prosecute the complaint no farther, and thereupon, and by reason thereof, the court discharged the plaintiff, and told him he could go. To this evidence the defendants objected, but the court admitted it.

No other or further testimony was offered to show a trial or acquittal of the plaintiff, and it was admitted that he was not called upon to plead to the complaint, and that no record of any proceeding was made upon the records of the police court.

The defendants thereupon requested the court to instruct the jury as follows: " To sustain this action it is necessary for the plaintiff to prove that he was brought before the police court for the city of Norwich, and by that court tried and discharged or acquitted, these averments being made in

Brown *v.* Randall.

each of the counts in his declaration.    There being no legal testimony to show that the plaintiff was acquitted by the police court, the verdict of the jury must be for the defendants. It is not sufficient for the plaintiff to show that the complaint was abandoned without being brought before the court.    Under the law governing actions for malicious prosecution, and especially under this declaration, the plaintiff is bound to show a hearing before the court, and a discharge after the hearing."    The court did not so instruct the jury, but charged them as follows : "It is not necessary that the plaintiff should have been put to plead, and after plea have been tried and discharged by the police court.    It is sufficient if the proceedings terminated entirely in favor of the plaintiff.    If the jury find that the defendants procured the complaint and warrant, and maliciously and without probable cause caused the plaintiff to be arrested and brought before the court by virtue thereof ; that the officer made return of his arrest and brought the plaintiff, with the complaint, warrant and return, before the judge of the police court, in the police court room ; that the defendants and their counsel had notice that the case was ready for trial ; that their attorney was acting for the grandjuror, and had the direction and management of the prosecution ; that the defendants and their counsel, then, of their own free will, voluntarily abandoned the further.prosecution of the complaint, and so notified the court ; and that thereupon and by reason thereof the court discharged the plaintiff and told him he could go ; these facts would constitute in law a sufficient prosecution-and termination thereof to enable the plaintiff to sustain his action."

The jury rendered a verdict for the plaintiff, and the defendants moved for a new trial for errors in the rulings and charge of the court.

*Pratt* and *Thresher*, in support of the motion.

1. In order to sustain an action for malicious prosecution, the plaintiff must aver and prove by the record the proceedings in the prosecution against him, and his acquittal.    It is not sufficient for the plaintiff to aver that he was discharged,

or that the complaint was withdrawn ; he must show judicial action upon the prosecution. Failing to aver and prove this, the action will not lie. *Sayles* v. *Briggs*, 4 Met., 421 ; *Bacon* v. *Towne*, 4 Cush , 217 ; *Parker* v. *Farley*, 10 id., 279 ; *Stone* v. *Crocker*, 24 Pick., 87 ; 1 Am. Lead. Cas., 231, 232 ; *M' Cormick* v. *Sisson*, 7 Cowen, 715 ; *Monroe* v. *Maples*, 1 Root, 553 ; 2 Greenl. Ev., § 452 ; 4 Phillips Ev., 254 ; 1 Swift's Dig., 492, 647 ; 2 Stark. Ev., 490. The very word " prosecution " implies, *ex vi termini*, a following up of a complaint to its conclusion. It would seem absurd that the defendants should be subjected to an action for malicious prosecution when it appears that they declined to prosecute.

2. The evidence objected to was not admissible. The purpose for which it was offered was to prove the action of the police court on the complaint, to show that the action was judicial in its character and constituted a legal termination of the proceedings. It was not admissible for this purpose, since it would have the effect to substitute for the record of the court the recollection of individuals. It could not be introduced to prove the contents of a lost record since it appears that there never was any action by the court which should have been recorded, nor was there any record made. The plaintiff was not put to plead to the complaint, nor was there the first step taken to try him. The authorities are imperative to the effect that the action of the court can be proved only by the record.

*Lucas* and *Kellogg*, contra, as to the correctness of the charge of the court, cited 1 Hilliard on Torts, ch. 8, §§ 27, 31 ; *Clark* v. *Cleveland*, 6 Hill, 345 ; *Mayberry* v. *Kelly*, 1 Kansas, 116 ; *Humphrey* v. *Case*, 8 Conn., 101 ; *Stone* v. *Stevens*, 12 id., 219 ; *Rice* v. *Ponder*, 7 Ired. (Law,) 390 ; 3 Bla. Conn., 126 ; 2 Chitty Pl., 603, note *y* ; 1 Swift's Dig., 491, 647 ; 2 id., 535.

CARPENTER, J. The defendants complained to a grandjuror of the town of Norwich against the plaintiff, charging him with a breach of the peace, and induced the grandjuror to enter a complaint to a magistrate in due form, whereupon a

warrant was issued, and the plaintiff arrested and held to answer the complaint.  After remaining in custody several hours, the magistrate informed the defendants and their counsel, who acted for the grandjuror, that he was ready to proceed with the trial.  The defendants sent word to the court that they should prosecute the complaint no further, and thereupon the plaintiff was discharged.  It is alleged in the declaration that this proceeding was malicious and without probable cause, and the jury have found that allegation to be true.

The complaint and warrant, upon which the plaintiff was arrested, were not preserved by the police court, but were lost and destroyed.  Evidence of that fact, in connection with proof of the contents of the documents, was offered and received, though objected to by the defendants.

Whether such evidence was properly received is the first question presented by the motion.  The complaint and warrant constituted an essential part of the plaintiff's case.  Had they been in existence, it would have been incumbent on him to have produced them.  They being lost, it was competent for him to prove the loss, and then prove their contents by parol.

The next objection is, that parol evidence to prove the way and manner of the plaintiff's discharge by the police court was inadmissible.  The ground of this objection seems to be that the action of the court can only be proved by the record, and that the course pursued here was, in effect, substituting for the record of the court the recollection of individuals. The general rule relied upon by the defendants is an important one, and ought not to be departed from except for good and substantial reasons.  But courts ought not to adhere rigidly to that or any other rule where the result will be, as in this case, to deprive one party of his just rights, and screen the other from the consequences of his illegal and wrongful acts, unless there are reasons of public policy which require them to overlook the effect upon individuals.  No such reasons exist in this case.  In principle we can hardly distinguish it from the ordinary case of a lost record.  Had there

been a formal record, and that had been lost, the right of the plaintiff to have proved the existence and contents of the record by parol is clear ; and we suppose it would be the same with a mere entry upon the file without a formal record. No good reason can be suggested why the omission to make a record or minute should deprive the plaintiff of the power to prove that the prosecution against him had terminated ; for it must be borne in mind that that was the important fact to be proved, and not a judgment. As no record evidence existed showing that fact, we think he was properly permitted to show it by other evidence. We cannot forbear, in this connection, expressing our strong disapprobation of the course pursued in the police court. Papers and documents of this character ought to be preserved, and a record or some entry made by which it may appear what the action of the court was.

But the important question in this case is whether, upon the facts alleged and proved, the plaintiff is entitled to recover. All the material averments seem to have been proved except the allegation of acquittal. That was not proved, and the court charged the jury that it was not necessary. The defendants complain of this, as they rely upon the non-existence of that fact as a complete defense to the action. Decisions of courts of the highest respectability, both in England and in this country, justify this claim. It does not appear that this question has ever been directly determined by this court. We are referred to the case of *Monroe* v. *Maples*, 1 Root, 553. But no such question arose in that case. It simply decided that a person convicted of the crime charged against him could not maintain the action. We are therefore at liberty to determine the question upon principle.

The grounds of this action are, the malice of the defendant, the want of probable cause, and an injury sustained by the plaintiff. 1 Swift's Digest, 491. The conviction of the plaintiff is justly considered as conclusive evidence of probable cause. The authorities referred to virtually decide—without sufficient reason as it seems to us—that the termination of the

1.

prosecution by a *nolle prosequi*, or abandonment, was equally conclusive upon that question.

One reason given for this is, that no termination of the prosecution in favor of the accused short of an acquittal will discharge the crime or be a bar to a new indictment. This reasoning is not satisfactory. The possibility that the plaintiff may be again prosecuted for the same alleged offense is not inconsistent with an entire want of probable cause in the first prosecution. This reason seems to have been disregarded in *Sayles* v. *Briggs*, 4 Met., 421. The complainant abandoned the prosecution against the plaintiff after a trial, and the magistrate, who could only bind over or discharge the person accused, discharged him. The court held that the action could be maintained. Yet such a discharge could be no bar to a subsequent prosecution.

Another reason given is, that the common law will not favor actions in behalf of a party criminally prosecuted against one who has acted as complainant in behalf of the public, and ostensibly for the public good; it therefore requires that the plaintiff in such an action shall begin by offering the verdict of a jury who have considered the cause on its merits. This may be a very proper caution to a jury, and a matter which ought to be considered by them in weighing evidence, but we see no sufficient reason for adopting it as an absolute rule of law, the effect of which is, in some cases at least, to shut out the truth. No such rule has been adopted in this state, and we think it is contrary to the prevailing notions of the professsion. Judge Swift, in his Digest, vol. 1, p. 491, states five different modes of terminating a prosecution in favor of the accused which will lay the foundation for this action, and one of them is, " when the prosecution has been abandoned and given up."

In *Parker* v. *Farley*, 10 Cush., 281, SHAW, C. J., in speaking of the rule under ·consideration, says, " Were this a new and original question, to be decided upon principle, it might be doubted whether it would be just and wise to establish this as an inflexible rule of practice."

On the whole we think it wise and safe, when a prosecu-

tion has been abandoned, as this was, without any arrange-
ment with the accused, and without any request from him
that it should be so abandoned, to leave the question of prob-
able cause to the jury.

The charge of the court was in harmony with these views,
and we do not advise a new trial.

In this opinion the other judges concurred.