## Gustave Pfeffer v. Henry Steiner.

*Partnership property: Trespass: Declaration: Surviving partner.* The representatives of a deceased partner, before the partnership business has been settled and the debts paid, and while they have not yet been let into joint possession by the surviving partner, have but an equitable interest in the partnership property, and are not tenants in common at law; and the right of action at law for any trespass upon, or injury to, the property during this interval is vested solely in the surviving partner; and a demurrer to a declaration by the surviving partner upon such a cause of action, for non-joinder of such representatives, is not well taken.

*Heard July 22. Decided July 25.*

Error to Wayne Circuit.

*S. Larned* and *James A. Randall,* for plaintiff in error, were stopped by the court.

*D. B. & H. M. Duffield,* for defendant in error.

CHRISTIANCY, CH. J.

The plaintiff in error, as the surviving partner of the firm of Emil Toeser & Co., brought his action in the circuit court for the county of Wayne, for a trespass committed by Steiner, by entering into a certain brick store in the city of Detroit, which plaintiff and his deceased partner had leased from the defendant for a term which had not yet expired.

The declaration was special, setting forth the facts of the leasing, the death of Toeser, the other member of the firm, on the 15th of March, 1872; that the firm was in possession and use of the property at the time of Toeser's death, and that plaintiff, as sole surviving partner, continued in the lawful and peaceable possession, and was so in possession at the time of the trespass, April 2d, 1872.

This declaration was demurred to on the ground that the plaintiff had sued alone, and that it appeared upon the face of the declaration that the representatives of the

27 MICH.—68.

deceased partner should have been joined as co-plaintiffs. The circuit court sustained the demurrer, and the plaintiff brings the case here by writ of error.

The only ground upon which the counsel for the defendant in error relies in support of the demurrer is, that as to choses in possession the surviving partner is a tenant in common with the representatives of the deceased partner, for which he cites *1 Parsons on Contracts, 202; Story on Part.,* § *346,* and *Parsons' Mercantile Law.* However this may be, after the partnership business has been settled and its debts fully paid, and when the representatives have been let into joint possession by the surviving partner, we think it very clear that until the partnership has been thus settled, and all the debts paid, the representatives of the deceased partner have but an equitable interest in such property, which, though in equity it may make them tenants in common, subject to the debts of the firm and a final settlement, does not constitute them tenants in common at law; and until such settlement and payment of all debts at least, they have no right of possession; and the right of action at law for any trespass upon, or injury to, the property, is vested solely in the surviving partner. Whether this would be so after the full settlement of the partnership and payment of debts, until such representatives should be let into joint possession, we need not decide; as this does not appear, nor is there any thing in the declaration from which we can infer any such facts. All the allegations furnish an opposite inference. The demurrer is so clearly without any basis of law for its support that it would be idle to cite authorities for our conclusion.

The circuit court erred in sustaining the demurrer, and the judgment must be reversed, with costs.

The other Justices concurred.