T. J. McCROSSON *vs.* W. H. CUMMINGS.

EXCEPTIONS TO RULINGS OF AUSTIN, J.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

In an action for malicious prosecution it is not necessary to show that
the criminal charge before a magistrate, on which the action is
based, resulted in an acquittal; it is enough if the charge was dis-
continued by the prosecution, the rule being that the proceeding
must have come to an end, whatever be the form of the termina-
tion.

OPINION OF THE COURT, BY JUDD, C. J.

THE case comes to us on exceptions by the defendant to certain
refusals of the Court who tried the case to direct the jury as re-
quested.

The action was Case for malicious prosecution, the complaint
averring that on the 17th of January last, at Hana, Island of Maui,
the defendant maliciously, etc., and without probable cause, caused
the plaintiff to be imprisoned on a false charge that plaintiff had
committed the offense of using threatening language to the defend-
ant, and caused him to be arrested and brought before the District
Justice, whereupon he was admitted to bail to appear on the 19th
of January, pursuant to the condition of his bond, and the plaintiff
appeared before said District Justice and the defendant did not
appear to prosecute said charge, and thereupon the plaintiff, by
order of said District Justice, was discharged on the said complaint.

The evidence is that the Deputy Sheriff stated to the Justice
that he had no evidence in support of the charge, and asked to
enter a discontinuance, which was allowed and the plaintiff was
dismissed.

It is claimed on behalf of the defendant that the evidence does
not sustain the allegation, and that the Court should have directed
the jury to find for the defendant.

Is the variance material? We think not. The statement by

the Deputy Sheriff, who had charge of prosecutions in the District Court, that he had no evidence in support of the charge and so asked to enter a discontinuance, might well be in consequence either of the failure of the defendant to appear and prosecute the charge, or his unwillingness, if present, to give testimony against the plaintiff. On this the District Justice allowed a discontinuance and dismissed the plaintiff. This does not differ in effect from the allegation that the "plaintiff was discharged on said complaint." The legal effect would be the same, whether the complaint was discontinued, a *nolle prosequi* entered, or the plaintiff discharged or dismissed. Without trial of the case the prosecution abandoned it and the prisoner was released.

But it is further urged that a discontinuance or *nolle pros.* is not a sufficient ending of the prior suit.

The Court, in *Stone vs. Hutchinson*, 4 Hawn., 124, said that the rule requiring it to be shown that the previous action terminated in an acquittal was founded upon the reason that it cannot be made evident otherwise that the plaintiff would not have been convicted ; and if he had been convicted it would be evident that the accusation was not false. In that case the prosecution was withdrawn on terms consented to by the plaintiff—to wit, the surrender of certain papers he then held, and although some of the language used by the Court would imply that it was their view that the case must be shown to have terminated by an absolute acquittal, they are *obiter dicta* and beyond the scope of the case then under consideration.

Cooley on Torts, p. 187, says: "Whether the entry of a *nolle prosequi* by the prosecuting officer is a sufficient discharge has been made a question. In some cases it has been held that it was ; but other cases hold the contrary. But the reasonable rule seems to be that the technical prerequisite is only that the particular prosecution be disposed of in such a manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one."

In the case of *Cardival vs. Smith*, 109 Mass., 158, the Court say : "But if it (the prosecution) is commenced by complaint to a magistrate who has jurisdiction only to bind over or discharge, his record, stating that the complainant withdrew his prosecution

and it was thereupon ordered that the accused be discharged, is equivalent to an acquittal." Citing *Sayles vs. Briggs,* 4 Met., 321 and 326.

"So if the accused, after being arrested, is discharged by the Grand Jury's finding no indictment, that shows a legal end to the prosecution." See *Morgan vs. Hughes,* 2 T. R., 225 ; *Freeman vs. Arkell,* 2 B. & C., 494; *Mitchell vs. Williams,* 11 M. & W., 205 ; *Bacon vs. Waters,* 2 Allen, 400. " And if the prosecutor, after procuring the arrest, fails to enter any complaint, this with the attending circumstances is sufficient to be submitted to the jury as evidence of want of probable cause." Cases mainly not accessible to us are cited in support.

In *Cardival vs. Smith* the Court held that the failure of a plaintiff to enter in Court the writ in a civil action, on which he has maliciously and without probable cause procured the arrest of the defendant, is such a final determination of the action as to enable the defendant thereupon to sue him for a malicious prosecution.

In *Brown vs. Randall,* 36 Conn., 56, the Court held that it is not necessary, to sustain an action for malicious prosecution, that the plaintiff should have been acquitted on the criminal proceedings. It is sufficient if the plaintiff was discharged without a trial, by a withdrawal or abandonment of the prosecution, not made at his request or arrangement with him, if the jury shall find on the whole evidence that there was want of probable cause.

See also *Stanton vs. Hart,* 27 Mich., 538. Here a discharge on *nolle prosequi,* after efforts to procure a trial, was held a sufficient termination of the suit. "The action for malicious prosecution lies whenever the proceeding has come to an end, whatever may be the form of its termination."

We think that the above citations are sufficient authority for our holding that the ruling below was correct.

And it makes no difference that the proceeding in this case was upon affidavit of the defendant (if such indeed was made) charging plaintiff with having used threatening language, and the magistrate had jurisdiction only either to discharge plaintiff or order him to give a bond to keep the peace.

In *Dennis vs. Ryan,* 65 N. Y., 385, the Court held that where

one makes a false and malicious charge against another, and by means thereof procures the indictment and arrest of the latter, it is no defense to an action for malicious prosecution that the false accusation did not allege facts constituting the crime charged in the indictment or any other criminal offense.

We think the exceptions should be overruled.

*A. S. Hartwell*, for plaintiff.

*E. Preston*, for defendant.

Honolulu, June 15, 1885.