WALTER L. FRISBIE *vs.* PERRY C. MORRIS ET AL.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

An action to recover damages for a vexatious suit is not maintainable, either at common law or under our statute (Rev. 1902, § 1105), if it appears from the pleadings that the suit alleged by the plaintiff to be vexatious terminated in a valid judgment against him which is still outstanding. Such judgment is conclusive evidence that probable cause existed for bringing the suit claimed to be vexatious.

Submitted on briefs April 21st—decided June 4th, 1903.

ACTION for treble damages for a vexatious suit resulting in the appointment of a conservator over the plaintiff, brought to the Superior Court in New Haven County, where judgment was rendered (*Shumway, J.*) for the defendants, upon the plaintiff's admissions in his reply to the defendants' answer, from which the plaintiff appealed. *No error.*

*Wilson H. Pierce* and *Percy S. Bryant*, for the appellant (plaintiff).

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellees (defendants).

TORRANCE, C. J. The statute (Rev. 1902, § 1105) provides, that if any person shall commence and prosecute any suit or complaint against another, "without probable cause, and with a malicious intent unjustly to vex and trouble him, he shall pay him treble damages." This statute appears to have been first enacted in 1672 (Rev. of 1808, p. 671), and with some changes in phraseology has formed part of our law ever since.

The present action is brought upon this statute. The complaint sets forth, in paragraph one, the following facts: " On July 2d, 1900, the defendants brought an application against the plaintiff to the probate court for the district of

Waterbury, claiming the appointment of a conservator over the plaintiff, and caused said application to be served upon him, returnable to said probate court on the 14th day of July, 1900, and on said day prosecuted said application against plaintiff." The remaining paragraphs of the complaint (2, 3 and 4) allege, in substance, that said application was commenced and prosecuted without probable cause, and with a malicious intent unjustly to vex and trouble the plaintiff, and had caused him a loss of $450.

The first paragraph of the answer denied the allegations contained in paragraphs 2, 3 and 4 of the complaint; and the remaining paragraphs of the answer (2–8) set up, in substance, the following facts: (2) The defendants were selectmen of Waterbury during the year ending October 1st, 1900. (3) The town of Waterbury is in the probate district of Waterbury. (4 and 5) During the year last aforesaid the plaintiff resided, and had his domicil, and had a large amount of property, in said town of Waterbury. (6) "All of the acts alleged in paragraph one of the complaint were done by the defendants acting as selectmen as aforesaid, pursuant to the law of this State in such case made and provided." (7 and 8) On July 14th, 1900, the court of probate aforesaid appointed a conservator over the plaintiff, on the application set forth in the complaint, and no appeal has been taken from said appointment.

The plaintiff demurred on the following grounds: (1) "The fact that the defendants acted in the capacity of selectmen of the town of Waterbury does not constitute a legal justification or excuse for the commission of the acts alleged in the plaintiff's complaint. (2) The laws therein referred to do not authorize or justify a complaint made with malicious intent unjustly to vex and trouble the person complained of." To the other paragraphs of the answer setting up new matter the plaintiff made no reply. The court overruled the demurrer.

The plaintiff then, by consent, filed a reply in which he admitted the truth of all the new matter set up in the answer, except that contained in paragraph 6, as to which

he alleged that he had "no knowledge or information suffi-
cient to form a belief," and left the defendants to their proof.
As soon as this reply was filed, the defendants, in writing,
made a motion for judgment in their favor, "based on the
allegations of the plaintiff in his complaint, and his admis-
sions contained in his reply" to the answer. The court
granted the motion and rendered judgment for the defend-
ants.

The reasons of appeal are based solely upon the action of
the trial court in overruling the demurrer and in granting
the motion.

An action brought under our statute for the malicious
prosecution of a civil suit "is subject to the same general
principles as are actions on the case, for malicious prosecu-
tions, at common law." *Goodspeed* v. *East Haddam Bank*,
22 Conn. 530, 535. In actions for malicious prosecution,
and in actions under our statute for vexatious suit, two of
the essential allegations are (1) that no probable cause existed
for instituting the prosecution or suit complained of, and
(2) that such prosecution or suit terminated in some way
favorably to the defendant therein. 1 Swift's Digest, pp.
491–494, 647 ; *Munson* v. *Wickwire*, 21 Conn. 513, 515;
*Wall* v. *Toomey*, 52 id. 35 ; *Thompson* v. *Beacon Valley Rubber
Co.*, 56 id. 493. So long as the prosecution claimed to be
malicious, or the suit claimed to be vexatious, is pending, it
cannot be known whether the party will be convicted upon
it, or whether it was commenced and carried on from motives
of malice, without probable cause. 1 Swift's Digest, p. 491.
In both actions, if it appears that probable cause existed, the
defendant will prevail, even though it also appear that he
instituted the proceeding complained of maliciously. "Let
there be ever so much malice, if there was probable cause,
the prosecution was justifiable." 1 Swift's Digest, 491 ;
*Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493. "For
maliciously prosecuting a good cause of action in the manner
provided by law, . . . there is no remedy, because there is
no wrong." *Johnson* v. *Reed*, 136 Mass. 421, 423. More-
over, if it appears in the action for malicious prosecution, or

for a vexatious suit, that the prosecution properly ended in a judgment of conviction, or that in the civil suit judgment was properly rendered against the defendant therein, such outstanding judgment is, as a general rule, conclusive evidence of the existence of probable cause for instituting the prosecution, or the suit. " The conviction of the plaintiff is justly considered as conclusive evidence of probable cause." CARPENTER, J., in *Brown* v. *Randall*, 36 Conn. 56, 61; *Monroe* v. *Maples*, 1 Root, 553; *Goodrich* v. *Warner*, 24 Conn. 432, 443; 19 Amer. & Eng. Ency. of Law (2d Ed.), pp. 667, 668, and cases cited.

Applying the foregoing principles to the case at bar, we think the trial court committed no error in overruling the demurrer and in rendering judgment upon the motion. Upon the pleadings as they stood when the demurrer was overruled, and when the motion was granted, it conclusively appeared from the record that the proceeding of which the plaintiff complained had terminated in a valid outstanding judgment against him. It thus, in effect, conclusively appeared from the record that at least probable cause existed for the action of the selectmen of which the plaintiff complained, and therefore that the plaintiff had no cause of action.

There is no error.

In this opinion the other judges concurred.