HAROLD S. SEE *v.* ANN M. GOSSELIN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 7—decided July 16, 1946

*Charles Albom,* with whom, on the brief, was *Nelson Harris,* for the appellant (plaintiff).

*Albert H. Barclay, Jr.,* with whom, on the brief, was *John W. Barclay,* for the appellee (defendant White Tower Management Corporation).

Ells, J. This is an action for malicious prosecution based upon the commencement and prosecution of a criminal proceeding against the plaintiff. It is generally held that the plaintiff must allege and prove that the criminal action terminated in his favor, either by his acquittal or in some other manner equivalent thereto. Note, 69 A.L.R. 1062, and cases there cited. This is substantially in accord with the rule in this state. The three essential elements of an action for malicious prosecution are the discharge of the plaintiff, want of probable cause, and malice. *Fusario* v. *Cavallaro,* 108 Conn. 40, 42, 142 A. 391; *McGann* v. *Allen,* 105 Conn. 177, 185, 134 A. 810; *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 499, 16 A. 554. The question in the present appeal is whether the plaintiff's complaint contains a sufficient allegation of the termination of the criminal proceedings in his favor. It arose upon a demurrer which was sustained by the trial court; thereafter a judgment entered upon the refusal of the plaintiff to plead further.

The allegation as to the conclusion of the criminal proceedings is as follows: "On July 14, 1945, after a due hearing of the State's witnesses before His Honor Judge Frank Bergin of the City Court of New Haven, the prosecutor of said court on his own motion without the request of plaintiff who had not yet had an opportunity to present the defense of said proceeding requested a nisi continuance without a finding of guilt as he termed it until August 14, 1945, which motion the court granted and on

which date said prosecutor entered a nolle prosse of said cause." It thus appears that after a partial trial the prosecutor entered a nolle. The accused was not acquitted, nor was he discharged by the court. However, the effect of the nolle was to release the accused from custody; he could no longer be held under arrest. "Discharge" means no more than release from custody. 1 Bouvier, Law Dictionary (3d Rev.), p. 878. When we made "discharge" a condition of bringing an action of malicious prosecution, it signified the termination of the particular prosecution. It is not necessary that the accused should have been acquitted. It is sufficient if he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him. *Brown* v. *Randall,* 36 Conn. 56, 62; see *Frisbie* v. *Morris,* 75 Conn. 637, 639, 55 A. 9. Such a termination of the prosecution is sufficient ground for the institution of the action, but it does not, of itself, establish want of probable cause or malice, which are to be determined at the trial upon all the facts. *Thompson* v. *Beacon Valley Rubber Co.,* supra. *Brown* v. *Randall* is cited in 34 American Jurisprudence 723, § 34, as an authority for the statement that "It has frequently been held that there is a sufficient termination to meet the requirements in this respect in an action for malicious prosecution where the prosecution is abandoned either by the prosecuting attorney or the complaining witness." The defendant claims that although the syllabus in *Brown* v. *Randall,* supra, supports the proposition the facts stated do not justify it. The syllabus correctly stated the decision. It is to be noted that we did not attach any particular significance to the dis-

charge of the accused but relied upon the abandonment of the prosecution. We pointed out (p. 62) that the possibility of another prosecution was not inconsistent with an entire want of probable cause.

The allegation demurred to in the present case did not specifically state that the accused had been discharged. If the demurrer was good, it was for the lack of that allegation in the complaint. However, the ordinary rule of pleading is that a fact necessarily implied need not be pleaded. Clark, Code Pleading, p. 167. As a nolle does necessarily imply a discharge, the allegation of a nolle is sufficient.

The complaint shows that the trial had commenced. The state had produced its witnesses. Obviously dissatisfied with his proof, the prosecutor asked for a continuance. The court granted it. Thereafter the prosecutor nolled the case. This action was not a bar to a subsequent trial for the same offense; *State* v. *Garvey,* 42 Conn. 232, 233; but it terminated the particular proceeding. It is stated in the revision of Swift's Digest that it is not necessary that there should be an acquittal which would bar a second prosecution for the same offense, or any judicial decision on the merits. 1 Swift, Digest (Rev. Ed.) p. 501. Following *Brown* v. *Randall,* supra, we decide that the allegation demurred to is sufficient. It fairly states that the particular prosecution was abandoned or given up. The question of probable cause is to be, or properly may be, left to the trier. If lack of consent by the accused to the nolle should be affirmatively alleged, it is sufficiently inferrible from the pleadings.

There is error, the judgment is set aside, and the

162

case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.