[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has requested the court to reconsider the motion for partial summary judgment of the defendant, Danbury Hospital, on the third count of the amended complaint which was granted by the court (Mottolese, J.) on October 23, 1989. While the defendant's motion was made on several grounds, summary judgment was granted only on the basis that a probate proceeding for appointment of a conservator was not a civil action and could not be the basis for a vexatious suit claim. The plaintiff has requested reconsideration of the ruling based upon Frisbie v. Morris, 75 Conn. 637, and the recent decision of DeLaurentis v. New Haven, 220 Conn. 225,248. The named defendant claims that it is also entitled to summary judgment on the other grounds in its original motion which includes: (1) there was probable cause for the proceeding; (2) the proceeding did not terminate in favor of the plaintiff; and (3) the defendant did not have any malicious intent in initiating the proceeding.
The summary judgment procedure is generally inappropriate to decide questions of motive and intent. The issue of malice cannot be decided on a motion for summary judgment. Batick v. Seymour, 186 Conn. 632, 646, 647.
To establish a claim for vexatious suit, a plaintiff CT Page 10510 must prove that the prior proceeding was initiated maliciously, without probable cause, and that it terminated in the plaintiff's favor. Blake v. Levy, 191 Conn. 257,263; Vandersluis v. Weil, 176 Conn. 353, 356; DeLaurentis v. New Haven, supra, 248. There is also a requirement that the prior action was the type of proceeding that supports a vexatious suit claim. These requirements exist where the action is for common law vexatious suit or for an action under section 52-568 of the General Statutes, which have similar requirements.
In Frisbie v. Morris, supra, a vexatious suit action was brought resulting from the appointment of a conservator over the plaintiff. The defendants were the members of the board of selectmen of a town who initiated a proceeding in the Probate Court resulting in the appointment of a conservator over the plaintiff. The case was decided on the pleadings which included the allegation that a conservator had been appointed by the Probate Court. On that basis, it was held that the prior proceeding had not terminated in favor of the plaintiff and that the decision of the Probate Court was conclusive evidence of the existence of probable cause for initiating the proceeding. Id., 640. The decision does not consider the question whether a probate proceeding can be the basis for a vexatious suit claim, although that can be inferred from the facts of the case.
In DeLaurentis v. New Haven, supra, 248, the court discussed the prior action requirement for vexatious suit liability and concluded, citing Restatement (Second) of Torts, Sec. 680, that liability exists for vexatious "initiation, continuation or procurement of civil proceedings against another before an administrative board that has power to take action adversely affecting the legally protected interests" of another person. While the initiation of a proceeding in the Probate Court to appoint a conservator is arguably the basis for a vexatious suit claim, in order to recover, a plaintiff must also show that the prior proceeding terminated in his favor. Blake v. Levy, supra, 263; DeLaurentis v. New Haven, supra, 249, 250; Restatement (Second) of Torts, Sec. 680. In this case, Danbury Hospital applied to the Probate Court to have a permanent conservator named for Carl Cappo. The plaintiff, Teresina Cappo, had previously been appointed temporary conservatrix over her husband. Carl Cappo was in a coma at the time and it is not disputed that a conservator was necessary for him. The plaintiff claims that the hospital had an ulterior motive for the appointment, but under the facts of this case that fact, even if true, is immaterial since the application was granted and the Probate Court appointed a permanent conservator. CT Page 10511
An application for involuntary appointment of a conservator of the person or a conservator of the estate or both can be filed by any person who alleges that the respondent is incapable of managing his affairs or incapable of caring for himself. Section 45a-648 (a) of the General Statutes. The application does not have to recommend any person to be appointed as conservator, and the Probate Court makes the appointment if it finds by clear and convincing evidence that the respondent is incapable of managing his affairs or incapable of caring or himself. Section 45a-650(c) of the General Statutes. When selecting a conservator to be appointed for the respondent, the Probate Court is guided by the best interests of the respondent, and may appoint any qualified person to act as conservator. Section 45a-650 (d) of the General Statutes. While the Probate Court has wide discretion in naming a conservator, a hospital does not qualify. Sections 45a-644 (a) and (b) of the General Statutes. It is common practice to appoint a relative of the incapable person to be the conservator. It must be presumed that the Probate Court found by clear and convincing evidence under the facts presented to it that a conservator was needed for Carl Cappo. Public officials are presumed to have done their duty unless the contrary appears. Leib v. Board of Examiners for Nursing, 177 Conn. 78, 84.
Since a conservator was in fact appointed by the Probate Court, the relief requested by the hospital's application for appointment was granted. The fact that the plaintiff, the wife of the incapable person, was appointed rather than someone else is immaterial. A conservator was appointed, so the prior proceeding did not terminate in favor of the plaintiff. As recognized in DeLaurentis v. New Haven, supra, 250, 251, there are several approaches to the "successful termination" requirement, but at a minimum the proceeding must terminate without a favorable result or some success by the defendant, or abandonment of the proceeding without consideration. In any event, the appointment by the Probate Court of a conservatrix in this case is fatal to the plaintiff's claim. Even when an action "ends in a negotiated settlement or compromise, it does not terminate in the plaintiff's favor and therefore will not support a subsequent suit for vexatious litigation." Blake v. Levy, supra, 264.
The fact that the prior proceeding was successful is also considered conclusive evidence of the existence of probable cause for initiating it. Frisbie v. Morris, supra, 640; Brown v. Randall, 36 Conn. 56, 61, 62; DeLaurentis v. New Haven, supra, 251; Restatement (second) of Torts, Sec. 680. Summary judgment is appropriate when CT Page 10512 documents submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The test is whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, 213 Conn. 354, 364. Even if the prior ruling on the motion for summary judgment was incorrect, there were other valid grounds for granting summary judgment for the defendant hospital. After reconsideration of the motion, the court declines to set aside the summary judgment, and affirms it on the additional grounds that the prior proceeding did not terminate in the plaintiff's favor and that the appointment of a conservator by the Probate Court was conclusive evidence of probable cause for the prior administrative proceeding.
ROBERT A. FULLER, JUDGE