[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION TO DISMISS (FILE #101)
This complaint sets forth a vexatious suit action. It is alleged that defendant Balzer brought a prior wrongful discharge action against the present plaintiff Galka, which prior action was commenced and prosecuted without probable cause, and with malicious intent to unjustly vex and trouble the said plaintiff Galka. It is further alleged that the prior action was concluded favorably for plaintiff Galka by the granting of his motion for summary judgment. In this CT Page 5424 action plaintiff Galka seeks compensatory damages and, pursuant to General Statutes Section 52-568, treble damages.
Defendant Balzer has moved to dismiss the present action under Practice Book Section 302 "due to the lack of probable cause for said action." Defendant, in his motion, detailed, at length, the particulars leading up to, and surrounding, the previous litigation. He has not submitted affidavits, but has annexed to his motion copies of a letter containing an initial employment offer, and an unsigned employment contract.
A pretrial motion to dismiss which contests the court's jurisdiction is brought pursuant to Practice Book Section 142; under Section 143, such motion is properly utilized to raise (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. The motion before the court asserts none of the foregoing grounds for dismissal. Practice Book Section 302, relied upon by defendant Balzer, deals not with pre-trial dismissal, but rather, the dismissal of a civil action where, upon trial, a plaintiff has presented evidence and rested, and it is determined that such plaintiff's evidence was insufficient to establish a prima facie case. Here, the pleadings are not closed, no evidence has been presented, and any documentation submitted by this pro se defendant is not in affidavit form. Thus, dismissal of this action under Section 302 would be inappropriate.
In an action for vexatious suit, it is necessary to prove want of probable cause, malice, and termination in the plaintiff's favor of the prior civil suit on which the present action predicated. Blake v. Levy, 191 Conn. 257, 263 (1983);Merrill Lynch, Pierce, Fenner Smith, Inc. v. Cole, 189 Conn. 518,538 (1983); Vandersluis v. Weil, 176 Conn. 353, 356
(1978); Frisbie v. Morris, 75 Conn. 637, 639 (1903); Heirs v.Cohen, 31 Conn. Sup. 305, 311-312 (1973). Here, the allegations of plaintiff Galka's complaint address all of the aforestated elements concerning which proof must be presented to sustain the action. As to the element of an absence of probable cause (with regard to the bringing of the prior
suit), the term "probable cause" is defined as "the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action."Vandersluis v. Weil, supra at p. 356; Cosgrove Development Co.CT Page 5425v. Cafferty, 179 Conn. 670, 671 (1980). The existence or nonexistence of probable cause "is determined by the court on the facts found." Id. at p. 671. "The existence of probable cause is an absolute protection against an action for malicious prosecution [and vexatious suit], and what facts, and whether particular facts, constitute probable cause is always a question of law."[1] Brodrib v. Doberstein, 107 Conn. 294,296 (1928); see also: Vandersluis v. Weil, supra at p. 356. Furthermore, want of probable cause may not be inferred from proof of malice. Id. at p. 356. Where the litigation alleged to have been vexatious terminated in favor of the plaintiff therein, "such judgment is as a general rule conclusive of the existence of probable cause for the institution of the [prior] suit." Merrill Lynch, Pierce,Fenner Smith, Inc. v. Cole, supra at p. 538; Frisbie v.Morris, supra at p. 639-40.
The defendant has not established any jurisdictional ground for dismissal of this action under Practice Book Section 143. No evidentiary basis has yet been established on which the court, on a motion made pursuant to Practice Book Section 302, could assess whether plaintiff had "failed to make out a prima facie case."[2]
For the reasons stated, the motion to dismiss is herebydenied.[3]
Mulcahy, J.