[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 11, 1997
This is a motion to strike filed by the defendant against the Second Count of the Amended Complaint. In that count, the plaintiff claims that the special defense and various denials and a claim of no knowledge to various paragraphs of the first count (negligence) of the complaint "were all made without probable cause and with malicious intent unjustly to vex and trouble the plaintiff." The plaintiff in her demand for relief makes a claim for double or treble damages under § 52-568 of the general statutes. At oral argument, plaintiffs' counsel characterized the claim as one made under the statute. There is a common law action for vexatious suit and a statutory action provided in § 52-568. The common law contemplates a situation where a party commences or continues a civil action without probable cause and the litigation terminates in favor of the person against whom the civil action is brought who then brings suit against the original plaintiff, See Restatement (Second) Torts § 674, Blake v. Levy,194 Conn. 257, 263 (1983). The statutory action, however, also appears to apply when a party "asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause . . ." (emphasis added). Two things are apparent from a reading of the statute. It appears to provide for a cause of action for an improperly asserted defense and there is no mention in the statute that for this type of action or for the more usual claim associated with the commencement of an action without probable cause that the litigation must have terminated in favor of the party who asserts that he or she has been wronged. CT Page 2685
However, as regards an action for vexatious suit brought by the defendant in the original action claiming there was no probable cause, it has been held under § 52-568 that as at common law even though the statute does not allude to it there must be an allegation that the "suit terminated in some way favorably to the defendant therein," Frisbee v. Morris,75 Conn. 637, 639 (1903); See v. Gosselin, 133 Conn. 158 (1946); Heirs v.Cohen, 31 Conn. Sup. 305, 311-12 (1973): Paint Products v. MidwaxCo., et al., 448 Supp. 656, 658 (1978). It seems to this court that when the statutory cause of action is brought not for commencement of an improper suit but for an improper defense to a suit, the same policy reasons for requiring that litigation be terminated in favor of the party against whom the defense was improperly asserted should apply. That is, such a statutory action cannot be brought absent such an allegation and the absence of such an allegation would thus warrant a motion to strike, cf. Heirs v. Cohen, supra at page 312 (demurrer granted). The reasoning in Blake v. Levy, at 191 Conn. 263-64, applies to the situation of the allegation of an improperly asserted defense. A requirement that the litigation terminate in the plaintiffs favor before such an action can be brought would discourage unfounded litigation and would prevent a person who is unsuccessful in the original proceeding from relitigating the same issues in a subsequent statutory action. While litigation of the original action is still going on there is little reason to permit an action based on the assertion of an improper defense. The Practice Book provides a variety of remedies and sanctions where improper or unsupported defenses are asserted. To allow an action such as the one asserted here while litigation is ongoing would create suits within suits and would create serious trial problems — should the claims be bifurcated? should the same jury decide if a defense was filed without probable cause or not only without probable cause but maliciously? It seems appropriate to require that such a claim as the one asserted here, if such a claim is statutorily authorized, be asserted only after litigation has terminated in the plaintiffs favor. There would be no statute of limitations difficulties because any action would not accrue until the underlying litigation is terminated.[1]
The motion to strike also argues that the second count must be stricken because under P.B. § 133, the allegations of the first count (motor vehicle accident, negligence allegation) cannot be joined in one complaint with the second count which alleges a violation of § 52-568 because of the filing of improper denials and a special defense to the first count. CT Page 2686 Practice Book § 133 enumerates the causes of action that may be joined in a complaint. The applicable subdivision (7) states several causes of action may be united in the same complaint if they are upon claims "arising out of the same transaction or transactions connected with the same subject of action." There is something to be said for the applicability of the reasoning inDelauega v. Chrisann Eleftherwu, et al., 15 CONN. L. RPTR. 541 (1996), to this case. There the court held a claim against a tortfeasor for negligence arising out of a motor vehicle accident and a claim against the plaintiffs insurer to enforce a fight to coverage for medical expenses arising out of the accident may not be joined. The court reasoned one claim arose out of the facts and circumstances of a motor vehicle accident, the other out of the responsibilities established by a contract of insurance. Thus the court held the issues revolved around different subject matters. They are related but are separate.
Here, there is also a claim of negligence arising out of a motor vehicle accident and the other claim sought to be joined is that the legal pleadings filed as a defense to such a claim were filed without probable cause and with malicious intent to vex and annoy. The legal standards of probable cause and the issue of intent to vex or annoy after suit has been filed would seem to constitute a separate series of legal events or a transaction separate from the claim made in the first count of vehicular negligence. In Craft Refrigerating Machine Co. v. QuinnipiacBrewing Co., 63 Conn. 551, 560 (1893), the court says: "a transaction is something which as taken place whereby a cause of action has arisen." Using this fact based test, it is difficult to see how these separate counts could be said to arise out of the same transaction.
The court will grant the motion to strike based on the substantive and procedural grounds set forth in this opinion.
CORRADINO, J.