[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKEDATED FEBRUARY 27, 1998
On February 27, 1998, the plaintiffs, Christopher M. Carr and Gregory Carr, as fiduciaries for the estate of Julia H. Carr, filed a revised complaint against the defendants, George E. Carr III, Sally Hannafin, Laurence Hannafin, Cramer Anderson, and Henry B. Anderson, Esquire. The revised complaint sounds in three counts. The first count alleges that the defendants tortiously interfered with the estate plan of the decedent Julia H. Carr. According to the plaintiffs' complaint, the defendants George E. Carr III and Sally Hannafin, children of the decedent Julia H. Carr, contested the will of Julia H. Carr and introduced a purported codicil to Julia H. Carr's will. The plaintiffs, who are also children of the decedent, claim that the probate court found the codicil to be the result of undue influence exerted over the decedent by the defendants George E. Carr III and Sally Hannafin. The defendants appealed the probate court's decision to the Superior Court. Said appeal was allegedly withdrawn on the eve of trial. The plaintiffs further allege that prior to the will contest, George E. Carr III and Sally Hannafin received assistance from Henry B. Anderson and the law firm of Cramer 
Anderson in drafting the purported codicil.
Count two of the plaintiffs' revised complaint alleges that the defendants' actions of contesting Julia H. Carr's will in the probate court and appealing to the Superior Court constitute vexatious litigation at common law. Similarly, count three of the plaintiffs' complaint alleges vexatious litigation pursuant to General Statutes § 52-568.
The defendants George E. Carr, Sally Hannafin, and Laurence Hannafin have filed a motion to strike the second and third counts of the plaintiff's complaint. The basis of the motion to strike is that counts two and three fail to state a claim upon which relief can be granted because an action sounding in vexatious litigation cannot be maintained for an unsuccessful proffer and defense of a decedent's will in the probate court, or from an appeal from the probate court decision, to the Superior CT Page 6341 Court. Pursuant to Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, the defendants filed a memorandum of law in support of their motion to strike.
The plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike. According to the plaintiffs, counts two and three each state a legally sufficient cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997) "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825,676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court."Blancato v. Feldspar Corp. , 203 Conn. 34, 44, 522 A.2d 1235
(1987).
In support of their motion to strike, the defendants argue that in a vexatious litigation suit the named defendant must have previously commenced a proceeding against the plaintiff. According to the defendants, their proffer and defense of the decedent's will was not directed against the instant plaintiffs. Moreover, the defendants contend that appeals from the probate court are not civil actions. The plaintiffs claim that the motion to strike should not be granted because other jurisdictions have determined that an action for vexatious litigation may be based on the defendant's conduct in the prior probate court proceedings.
The issue presented by the defendants' motion to strike appears to be one of first impression for the Connecticut courts CT Page 6342 In Frisbie v. Morris, 75 Conn. 637, 55 A. 9 (1903), the Connecticut Supreme Court reviewed the trial court's decision in order to determine whether the trial court properly entered judgment for the defendants in a vexatious litigation suit. The basis for the plaintiff's vexatious litigation suit in Frisbie v.Morris, was the defendants' application to the probate court for the appointment of a conservator over the plaintiff. Frisbie v.Morris, 75 Conn. 637, 638, 55 A. 9 (1903). In applying the two essential allegations needed for a vexatious litigation suit, (1) that no probable cause existed for instituting the prosecution or suit complained of, and (2) that such prosecution or suit terminated in some way favorably to the defendant therein, the Supreme Court determined that the trial court properly entered judgment for the defendants because the probate court had appointed a conservator over the plaintiff based on the defendants' application. Id. at 637-640. Accordingly, the probate court proceeding had not terminated in some way favorably to the plaintiff and probable cause did exist for the application to the probate court. Id. at 640. As such, the plaintiff in Frisbie v.Morris could not properly allege a claim sounding in vexatious litigation. It is important to note, however, that the Supreme Court's decision did not address the issue of whether a proceeding in the probate court can later form the basis for a plaintiff's vexatious litigation suit.
In the case of DeLaurentis v. New Haven, 220 Conn. 225,597 A.2d 807 (1991), one of the issues presented for the Supreme Court was whether the trial court should have granted judgment in favor of the defendants in a vexatious litigation suit because the prior action that formed the basis for such suit was an administrative proceeding. The Supreme Court applied the Restatement (Second) of Torts, § 680 and determined that the administrative proceeding at issue could form the basis for the plaintiff's vexatious litigation claim because the administrative board had the power to take action adversely affecting the legally protected interests of the plaintiff. DeLaurentis v. NewHaven, 220 Conn. 225, 248-49, 597 A.2d 807 (1991).
The powers of a probate court are as great as, and perhaps greater than, the powers of most administrative boards. General Statutes § 45a-98 sets forth the general powers of the probate court which include the power to determine title or rights of possession in property which constitutes a part of a decedent's estate. Effectively, the probate court has the power to determine if there is an interest which is legally protected. CT Page 6343 Given this power, it is critical that the probate court's resources are not allocated to matters that are wholly unfounded and vexatious in nature. For this reason, this court determines that the proceedings of a probate court may constitute the basis for a vexatious litigation claim. Accordingly, the defendants' motion to strike the second and third counts of the plaintiffs' complaint is denied.
BY THE COURT
HON. RICHARD A. WALSH, J.