Francis L. **ARRAMBIDE**, Plaintiff,

v.

**ST. MARY'S HOSPITAL, INC.,** a Nevada corporation; and Does 1 through 30, Defendants.

No. CV–N–86–345–ECR.

United States District Court, D. Nevada.

Sept. 22, 1986.

Lawrence D. Wishart and Paul D. Elcano, Jr., Reno, Nev., for plaintiff.

Gary G. Bullis, Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

This is a diversity action brought by Francis Arrambide, a resident of California, against St. Mary's Hospital, Inc., a Nevada corporation with its principal place of business in Reno. It is a personal injury action involving alleged medical malpractice.

Defendant, St. Mary's Hospital, has filed a demand for security for costs and charges, citing *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D.Nev.1983). In *Hamar* this Court said that:

It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions.

*Hamar*, 98 F.R.D. at 305.

The *Hamar* case did not involve an indigent plaintiff. *See Hamar, supra.* This case does.

Plaintiff stated in his response to defendant's demand for security for costs and charges that he is an impecunious, unemployed, injured former fry cook. He thus raised the possibility that he should be allowed to proceed *in forma pauperis.*

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915 which states that:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915 expressly provides that one proceeding *in forma pauperis* need not provide security for costs. *See Gift Stars, Inc. v. Alexander*, 245 F.Supp. 697 (S.D.N.Y.1965).

28 U.S.C. § 1915 applies to this case. The law regarding proceedings *in forma pauperis* is a matter of procedure, rather than substance, *see Erie R. Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); and it is governed by federal legislation, 28 U.S.C. § 1915.

If 28 U.S.C. § 1915 is not applied in this case, the plaintiff, if indeed he is impecunious, would be denied a forum for this action. The denial of a forum to a plaintiff with an apparently valid cause of action solely because the plaintiff is penniless would be contrary to the purposes and policies of the federal courts.

However, if plaintiff is in fact indigent, he must demonstrate this in detail by affidavit. This Court cannot allow plaintiff to proceed *in forma pauperis* solely on the basis of a statement that he is an impecunious, unemployed, injured former fry cook.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff comply with NRS § 18.130 by posting security for costs and charges with the Clerk of the Court; or in the alternative that plaintiff establish by affidavit that he is indigent and should be allowed to proceed *in forma pauperis.*

IT IS FURTHER ORDERED that all proceedings are stayed until security is posted by the plaintiff or until the Court grants plaintiff permission to proceed *in forma pauperis.*

IT IS FURTHER ORDERED that the plaintiff has 30 days from the date of this order to post security for costs and charges pursuant to NRS § 18.130 or to apply to this Court for permission to proceed *in forma pauperis.* If this time limit is not met, the Court retains discretion to dismiss the action.