**Joaquin HEREDIA, Plaintiff,**

v.

**James L. JOHNSON, M.D., Roger A. Jones, Payless Drug Stores Northwest, Inc. and Burroughs Wellcome Co., Defendants.**

**No. CV–N–92–308–ECR.**

United States District Court,
D. Nevada.

Oct. 13, 1993.

Harold K. Tummel, Tummel & Carroll, Dallas, TX and Julian R. Burnett, Lyles, Austin & Burnett, Ltd., Las Vegas, NV, for plaintiff.

Osborne & Gamboa by Alfred H. Osborne, Reno, NV, for defendants James L. Johnson, M.D. and Roger A. Jones, M.D.

Caroline K. Hunt, Thomas M. Moore, and Jeffrey W. Deane of Haight, Brown & Bonesteel, Santa Monica, CA and Paul F. Hamilton, Reno, NV, for defendant Burroughs Wellcome Co.

MINUTES OF THE COURT

EDWARD C. REED, Jr., District Judge.

*MINUTE ORDER IN CHAMBERS.*

**IT IS HEREBY ORDERED** that defendants' Motion for Protective Order (document # 52) is **GRANTED.** Defendants' motion was joined by Doctors Schiff and Walker (document # 59) and Dr. Boyden (document # 57). Plaintiff is prohibited from taking the depositions of Dr. Fred Boyden, Dr. Steven Schiff and Dr. Joseph Walker. Any subpoenas served by plaintiff on the abovementioned doctors are quashed.

 Doctors Schiff, Walker and Boyden are not parties to this case. They are doctors who served on the medical screening panel which made a preliminary finding in this case. NRS 41A.003 et seq. (the Screening Panel Statute) provides that all medical malpractice cases in Nevada shall be considered by a Screening Panel prior to being filed in Court. The Screening Panel Statute provides that the decision of the Screening Panel is admissible at trial NRS 41A.016(2). The Statute provides, however, that no other evidence concerning the Screening Panel "or its deliberation" can be admitted at trial. It

**554**

also expressly provides that no member of the Screening Panel can be called to testify NRS 41A.016(2). Nevada is one of three states that expressly prohibits calling a panelist as a witness, while allowing admission of the panel decision. *Jain v. McFarland,* 109 Nev. 465, 851 P.2d 450, 455 (1993). Moreover, the Nevada Medical Malpractice Screening Panel Statute applies in Federal District Court litigation based upon diversity jurisdiction. *See Truck Insurance Exchange v. Tetzlaff,* 683 F.Supp. 223 (D.Nev.1988).

█ The Nevada Screening Panel Statute, the preliminary procedures it dictates, and the admissibility of the Panel's finding without further compelled testimony from the panelists, do not deprive plaintiff of due process rights. The Panel's finding is only one piece of evidence to be weighed in light of all other evidence. There is no deprivation of a property interest as a result of the Panel's findings nor does the Panel decisions bind or impair the interests of the parties.