**Aaron GING and Showtime International, Inc., Plaintiffs,**

v.

**SHOWTIME ENTERTAINMENT, INC., Viacom International, Teleprompter Cable TV, and Does I–V, Defendants.**

### No. CV–R–79–207–ECR.

United States District Court,
D. Nevada.

Aug. 19, 1983.

---

Gary C. Backus, Reno, Nev., for plaintiffs.

Frederic R. Starich, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on defendants' Motion for Summary Judgment.

Plaintiff, Showtime International, Inc., (Showtime International) is a Nevada corporation. Plaintiff, Aaron Ging, is its president and principal stockholder. Plaintiffs were previously engaged in the publication of a periodical called Showtime Magazine, which was published in Reno and distributed in Nevada and northern California. Plaintiffs had registered the name "Showtime" as a trademark with the Secretary of State of Nevada.

Defendant Viacom Premium Television, Inc., (formerly known as Showtime Entertainment, Inc.) is a New York corporation

which holds a fifty percent interest in the defendant Showtime Entertainment, Inc.

Defendant Showtime Entertainment, Inc., (Showtime Entertainment) is a partnership organized under the laws of the State of New York. Showtime Entertainment provides pay television services for home viewing under its federally registered service trademark "Showtime." Showtime Entertainment provides its services throughout the United States.

Defendant Teleprompter Cable Communications Corp., (Teleprompter) provides television services directly to subscribers. Teleprompter receives and forwards transmissions from Showtime Entertainment. Teleprompter uses the term "Showtime" to signify the services offered by Showtime Entertainment.

In February of 1979, plaintiff Showtime International contacted defendant Showtime Entertainment by letter and asserted that its rights to its trademark were being violated. Showtime International demanded assurances that the violations would cease. On July 12, of 1979, Showtime International made a settlement offer to defendant. Showtime Entertainment did not accept that settlement offer.

On August 24, 1979, Showtime Entertainment filed a complaint for declaratory judgment in the United States District Court for the Southern District of New York and sought thereby to establish its rights to the trademark "Showtime." Showtime Entertainment's action was dismissed on December 15, 1980, when the United States District Court for the Southern District of New York determined that it lacked sufficient grounds to exert jurisdiction over Showtime International.

Plaintiffs sold Showtime Magazine sometime prior to January of 1981 and have not published the magazine since.

On August 27, 1981, plaintiffs filed an amended complaint with this Court which contained four counts. Count I alleges that defendants requested plaintiffs to forbear from filing suit pending the outcome of negotiations and in return agreed to refrain from commencing an action against plaintiffs. Plaintiffs assert that defendants then filed a "bogus action" in the United States District Court for the Southern District of New York. Plaintiffs allege that defendants' conduct constitutes fraud.

Count II of plaintiffs' amended complaint alleges that defendants filed their action in the United States District Court for the Southern District of New York for improper, illegal and ulterior purposes. Count II alleges a cause of action for abuse of process.

Count III alleges a cause of action for trademark infringement.

Count IV alleges that defendants misrepresented their true knowledge when obtaining federal registration of their trademark and states that defendants' federal registration should be cancelled.

In support of their motion for summary judgment on Count I defendants have filed the affidavit of Mr. David A. Dreilinger, vice president of Viacom and counsel to Showtime Entertainment. Mr. Dreilinger's affidavit attests to the fact that neither he nor anyone from Showtime Entertainment agreed to refrain from commencing suit for declaratory judgment nor did he or anyone representing Showtime Entertainment ever instruct Howard C. Miskin, Showtime Entertainment's trademark counsel, to refrain from filing suit without furnishing notice to plaintiffs' attorneys.

The affidavit of plaintiffs' former attorney, Mr. A.J. Bayer, Jr., filed by plaintiffs in opposition to defendants' motion for summary judgment, states that negotiations took place between the attorneys for the parties based on the premise that Showtime International would not file suit unless negotiations proved fruitless. Mr. Bayer's affidavit also claims that Mr. Miskin represented that he would be flying to Nevada to continue settlement discussions when in fact he had already filed suit in New York and harbored no intention of conducting further settlement talks.

The fact that defendants may otherwise have possessed a right to bring the action

which they brought in the United States District Court for the Southern District of New York does not vitiate plaintiffs' cause of action for fraud. The Nevada Supreme Court has listed the elements necessary to establish fraud as:

> "[1] A false representation made by the defendant, [2] knowledge or belief on the part of the defendant that the representation is false-or, that he has not a sufficient basis of information to make it, [3] an intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation, [4] justifiable reliance upon the representation on the part of the plaintiff in taking action or refraining from it, and [5] damage to the plaintiff resulting from such reliance ...." *Landex, Inc. v. State ex rel. List,* 94 Nev. 469, 478, 582 P.2d 786, 791 (1978).

The conflicting affidavits submitted by the parties raise a genuine and material issue as to whether or not the plaintiffs were subjected to false and intentional misrepresentations by defendants. Accordingly, the entry of summary judgment for defendants on Count I of plaintiffs' amended complaint would be inappropriate.

Count II of plaintiffs' amended complaint alleges a cause of action for abuse of process. Plaintiffs allege that the defendants initiated the action for declaratory relief which was brought in New York for the ulterior purposes of improperly categorizing plaintiffs as defendants, forcing plaintiffs to litigate in a distant forum, forcing plaintiffs to incur unnecessary expense and causing delay.

In Nevada the two essential elements which must be established in order to sustain an action for the tort of abuse of process are (1) an ulterior purpose and (2) a wilful act in the use of process not proper in the regular conduct of the proceeding. *Bull v. McCuskey,* 96 Nev. 706, 615 P.2d 957 (1980). The malice and want of probable cause which are necessary to support a cause of action for malicious prosecution are not essential for recovery for abuse of process. Neither is a termination of the underlying action in favor of the defendant a necessary prerequisite to bringing an action for abuse of process.

The Ninth Circuit addressed the issue which Count II of plaintiffs' complaint raises, i.e., whether or not initiation of a lawsuit can constitute the necessary act required for the tort of abuse of process, in *Blue Goose Growers, Inc. v. Yuma Groves, Inc.,* 641 F.2d 695 (1981). The Court in that case was engaged in the application of Arizona law. Arizona describes the elements of abuse of process in terms which are almost identical to those which Nevada uses. The Ninth Circuit cites *Joseph v. Markovitz,* 27 Ariz.App. 122, 551 P.2d 571 (1976), for the proposition that initiation of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process. Although the Nevada Supreme Court has not specifically addressed this issue, this Court concludes that if the Nevada Court were to do so it would undoubtedly agree with the holding in *Joseph.* The holding in *Joseph* is consistent both with a traditional interpretation of what constitutes abuse of process and with a logical analysis of the language in *Bull.* It is therefore apparent that Count II of plaintiffs' complaint does not state a valid cause of action.

Although summary judgment may be appropriate in trademark matters, *see e.g., Blanchard Importing & Dist. Co. v. Societe E. Blanchard et Fils,* 402 F.2d 797 (Cust. & Pat.App.1968), the rule in trademark cases, as in other cases, is that "[A] motion for summary judgment may not be granted where there is a genuine issue as to a material fact." *Alaska Northwest Publishing Co. v. A.T. Publishing Co.,* 458 F.2d 387 (9th Cir.1972). Count III of plaintiffs' complaint alleges a cause of action for trademark infringement. Defendants attempt to support their motion for summary judgment on this count by contending that the trademark "Showtime" as registered by the plaintiff with the State of Nevada "is in a form in which the depiction of the mark by the use of the overlapping circles of various sizes overshadows the mere letters

used to form the name 'SHOWTIME.' " (P. 12, Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment.) Defendants also contend that plaintiffs are precluded from bringing their third cause of action by virtue of the fact that plaintiffs sold Showtime Magazine in late 1980, more than six months prior to the time plaintiffs filed their amended complaint.

The Ninth Circuit has considered summary judgment to be appropriate in a trademark case where the likelihood of confusion of the trademarks of the parties was not established by a simple comparison of sound, appearance and meaning of marks, and the plaintiff offered no showing that it had available extrinsic evidence of likelihood of confusion. *Alladin Plastics, Inc. v. Jerrold Stephan Co.*, 362 F.2d 532 (1966). The two trademarks at issue in *Alladin* were "ConForm-Chair" (or "Con-Form") and "Form-Fit." Obviously, the similarity between the trademarks in the case at bar is considerably greater than the similarity that existed in *Alladin*. The spelling and sound of the trademarks in the case at bar are identical. The appearance between the two is differentiated only by various embellishments. The likelihood of confusion of plaintiffs' and defendants' trademarks can be established by a simple comparison of sound, appearance and meaning and the issue of trademark infringement should not therefore be resolved by summary judgment. That issue should be resolved by the fact-finder after a full hearing on the merits.

The fact that plaintiffs have sold Showtime Magazine does not preclude them from bringing an action for damages of an alleged trademark infringement which may have occurred while they owned and published that periodical. Furthermore, plaintiffs have alleged in their amended complaint that they still operate a business under the trademark "Showtime." Defendants have not produced any evidence or affidavits to rebut that allegation.

In Count IV of their amended complaint the plaintiffs allege that the defendants obtained registration of their federal trademark by making false representations. Plaintiffs seek the cancellation of defendants' trademark. The pleadings clearly establish on their face that plaintiffs have sold Showtime Magazine and are no longer engaged in publishing that periodical. The law is well established that when a plaintiff has no right to use a name shown in a registered trademark of a defendant, that that plaintiff has no standing to seek cancellation of the trademark. *Avedis Zildjian Co. v. Fred Gretsch Mfg. Co.*, 251 F.2d 530 (2nd Cir.1958). As stated above, the plaintiffs have alleged that they are still engaged in business under the name "Showtime." Should that allegation prove to be untrue and should it also develop that plaintiffs have forfeited their right to use the name "Showtime," whether by assignment or abandonment, then the plaintiffs would lack standing to seek the cancellation of defendants' federally registered trademark. However, defendants have not produced any evidence or affidavits which would demonstrate that plaintiffs' allegation that they are still engaged in business under the name of "Showtime" is untrue. Therefore, summary judgment for the defendants on Count IV of plaintiffs' amended complaint would be inappropriate at this time.

IT IS, THEREFORE, ORDERED that summary judgment be granted for defendants with respect to Count II of plaintiffs' complaint.

IT IS FURTHER ORDERED that defendants' Motion for Summary Judgment, with respect to all other counts, be, and the same hereby is, DENIED.