GEORGE A. COLLI, JR., ET AL. *v.* DAVID E. KAMINS ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 277215
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 8, 1983

*Bromberg & Appleton,* for the named plaintiff and Lester Katz.

*Shipman & Goodwin,* for the named defendant.

*Day, Berry & Howard,* for the defendant Albert D. Lizzi,

HAMMER, J. The plaintiff has brought this action in two counts, the first of which is based on a claim of vexatious litigation in connection with a lawsuit commenced by the defendants against the plaintiffs in the present action in September of 1979. Paragraph 5 of the amended complaint alleges that the suit was withdrawn on October 5, 1982, after it had been pending for more than three years, as a result of which the plaintiffs "incurred substantial legal expenses and losses of time." The defendant Albert D. Lizzi has moved to strike the first count of the complaint because it fails to allege that the prior action commenced by the present defendants has been reduced to judgment in favor of the plaintiffs.

"In actions for malicious prosecution, and in actions under our statute for vexatious suit, two of the essential allegations are (1) that no probable cause existed for instituting the prosecution or suit complained of, and (2) that such prosecution or suit terminated *in some way* favorably to the defendant therein." (Emphasis added.) *Frisbie* v. *Morris,* 75 Conn. 637, 639, 55 A. 9 (1903). When a lawsuit ends in a negotiated settlement or compromise, it does not terminate in the plaintiff's favor and therefore will not support a subsequent suit for vexatious litigation. *Blake* v. *Levy,* 191 Conn. 257, 264, 464 A.2d 52 (1983). "This conclusion recognizes that the law favors settlements, which conserve scarce judicial resources and minimize the parties' transaction costs, and avoids burdening such settlements with the threat of future litigation." Id.

Lizzi claims that a complaint alleging vexatious litigation is fatally defective where it does not appear that the action alleged to have been commenced by the present defendants has been reduced to judgment in favor of the present plaintiffs. See *Shurman* v. *Duncan,* 14 Conn. Sup. 293 (1946). He claims that the withdrawal of the suit by the defendants in the underlying action is not sufficient to support a cause of action for vexatious litigation.

The torts of malicious prosecution and vexatious litigation are similar because in both types of action "the claimed impropriety arises out of previous litigation." *Blake* v. *Levy,* supra, 262. The principles governing both torts are based on the "competing policies of deterrence of groundless litigation and protection of good faith access to the courts." *Blake* v. *Levy,* supra, 263. The requirement of termination may be satisfied by showing that the suit in question was abandoned or dismissed. 52 Am. Jur. 2d, Malicious Prosecution § 42. A final determination on the merits is unnecessary and the mere discontinuance of a civil suit in any way

satisfies the requirement. *Hurgren* v. *Union Mutual Life Ins. Co.,* 141 Cal. 585, 588, 75 P. 168 (1904). The voluntary dismissal "without prejudice" of a will contest is a favorable termination of a judicial proceeding. Annot., 35 A.L.R.3d 651, 658.

An abandonment of a criminal proceeding, so far as the plaintiff's right to prevail is concerned, is the equivalent of its successful termination. *Shaw* v. *Moon,* 117 Or. 558, 562, 245 P. 318 (1926). The rule governing the kindred tort of malicious prosecution is that it is sufficient if the defendant in the underlying prosecution was "discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him." *See* v. *Gosselin,* 133 Conn. 158, 160, 48 A.2d 560 (1946). Actions brought for the malicious prosecution of a civil suit are subject to the same general principles as are actions for malicious prosecution. *Frisbie* v. *Morris,* supra, 639.

Accordingly, the court concludes that a complaint based on vexatious litigation need not allege that the underlying action has been reduced to judgment in favor of the plaintiff and that the first count of the complaint in this case which states that the defendants withdrew their lawsuit sufficiently alleges a cause of action.

The defendant's motion to strike the first count of the plaintiff's complaint is denied.