[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#114)
The plaintiffs, Ronald J. Knickerbocker and Gail Ford, filed a two-count complaint dated February 11, 1992 against the defendant, Village Apartments Properties, Inc. The plaintiffs allege in the complaint that the defendant breached a contract entered into on May 8, 1989 for the purchase of premises known as Village Apartment Properties. The plaintiffs, as assignees of right under the original sales contract, seek a reformation of the contract to include the defendant as the primary obligor. The plaintiffs also seek a judgment against the defendant for the outstanding interest and principal due pursuant to the contract.
On April 10, 1992, the defendant filed an answer, special defense and a four-count counterclaim. The defendant filed an amended answer, special defense and counterclaim on June 19, 1992. As a special defense the defendant asserts that the claims of the plaintiffs are barred by a prior judgment in a civil action brought by the plaintiffs against parties associated with the real estate transaction. In counts one and two of the counterclaim the defendant asserts that by commencing an action on November 13, 1990 the plaintiffs engaged in vexatious litigation in violation of General Statutes 52-568(a)(1) and 52-568(a)(2) respectively. In counts three and four the defendant asserts that the plaintiffs' pursuit of a prejudgment remedy in a second action in January of 1992 constituted vexatious litigation in violation of 52-568(a)(1) and52-568(a)(2) respectively. CT Page 8948
On July 6, 1992 the plaintiffs filed a motion to strike the defendant's special defense and counts one through four of the defendant's counterclaim on the ground that they are legally insufficient. The defendant filed a memorandum in opposition, dated July 20, 1992. The court, Pickett, J., denied the motion to strike on July 27, 1992 because it did not specify the grounds of legal insufficiency. The plaintiffs subsequently filed a second motion to strike accompanied by a memorandum of law on July 29, 1992 pursuant to Practice Book 151 attempting to set out its grounds in greater detail. On August 11, 1992 the defendant filed an objection to the plaintiffs' motion to strike accompanied by a memorandum of law.
A motion to strike can be used to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defenses contained therein." Practice Book 152; Rowe v. Godou, 209 Conn. 273, 280 n. 10, 550 A.2d 1073
(1988). A motion to strike is the "proper vehicle by which to test the legal sufficiency of a complaint or any count therein." Babych v. McRae,41 Conn. Sup. 280, 281, 567 A.2d 1264 (1990). The motion is designed to challenge "the legal sufficiency, on the face of the complaint, of the claims made." King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 111
(1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44
(1987). "A motion to strike does not admit legal conclusions or the truth or the truth or accuracy of opinions stated in the pleading at which the motion is directed." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495. 497 (1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The court must view the facts in a light most favorable to the pleader. Id., 146.
The defendant asserts that the plaintiffs' second motion to strike dated July 29, 1992 should be prohibited on the ground that an earlier motion to strike was denied for noncompliance with Practice Book 154. Practice Book 154 requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each claimed insufficiency. The plaintiff asserts that a failure to comply with Practice Book 154 is "fatally defective". As a result, the defendant alleges that the plaintiff is barred from submitting a second motion to strike. The defendant also argues that Practice Book 112 and 114 require the plaintiff to advance the pleadings by filing an answer.
Practice Book 154, 112 or $114 do not prohibit the plaintiff from CT Page 8949 filing a second motion to strike. As long as the plaintiffs have not answered the defendant's special defense and counterclaim, the plaintiffs are entitled to submit a second motion to strike in accordance with the order set forth in Practice Book 112. Practice Book 114 does not require the plaintiffs to answer after a motion to strike has been denied under Practice Book 154. Therefore, the plaintiffs' motion to strike should not be denied merely because the previous motion to strike was denied in accordance with Practice Book 154.
The defendant alleges in its special defense that dismissal of plaintiffs' previous action in accordance with Practice Book 251 constituted a judgment on the merits and therefore the plaintiff is barred from bringing the current action. The plaintiffs assert that the doctrine of res judicata is not applicable to a dismissal for a failure to prosecute because there was no judgment on the merits.
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties. . ." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559, 436 A.2d 24 (1980). Res judicata does not apply where there has not been a final determination of the substantive rights of the parties. Bridgeport Hydraulic Co. v. Pearson,139 Conn. 186 196, 91 A.2d 778 (1952). Where a demurrer is sustained or a case is stricken from the docket for failure to prosecute, there has been no final determination under the doctrine of res judicata. Id; Milgrim v. Delucas 195 Conn. 191, 194-195, 487 A.2d 522 (1985).
The plaintiff's motion to strike the special defense is granted because a dismissal under Practice Book 251 is not an adjudication on the merits that can be treated as res judicata.
In counts one and two of the defendant's amended counterclaim the defendant asserts actions for vexatious litigation in violation of General Statutes 52-568(a)(1) and 52-568(a)(2). General Statutes52-568 provides in part:
 (a) Any person who commences and prosecutes any civil action or complaint against another, in his own name, or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages. CT Page 8950
In an action for vexatious litigation "two of the essential allegations are (1) that no probable cause existed for instituting the prosecution or suit complained of, and (2) that such prosecution or suit terminated in some way favorably to the defendant therein." Frisbie v. Morris, 75 Conn. 637,639, 55 A. 9 (1903).
A plaintiff in a vexatious litigation suit has not been required to "prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven,220 Conn. 225, 251, ___ A.2d ___ (1991). Favorable termination occurs when the underlying prosecution was "discharged without a trial under the circumstances amounting to an abandonment of the prosecution without request from or by arrangement with [defendant]." Colli v. Kamins,39 Conn. Sup. 75, 77, 468 A.2d 295 (1983).
The plaintiffs assert that counts one and two of the defendant's counterclaim for vexatious litigation should be stricken for failing to establish that the suit terminated in the defendant's favor. The plaintiffs contend that the dismissal of the November 1990 action under Practice Book 251 does not constitute a termination in favor of the defendant.
A dismissal in accordance with Practice Book 251 is a dismissal for a failure to prosecute. The failure to prosecute constitutes an abandonment of the suit by the plaintiff and a termination in favor of the defendant. Therefore, the plaintiffs' motion to strike is denied as to counts one and two of the counterclaim.
The plaintiffs seek to strike counts three and four of the defendant's counterclaim on the ground that a prejudgment remedy does not constitute an action upon which a vexatious litigation suit may be based. General Statutes 52-568(a) is applicable to "any person who commences and prosecutes any civil action or complaint against another. . ." General statutes52-568(a). The plaintiffs assert that a prejudgment remedy proceeding is not a civil action contemplated by 52-568(a).
A prejudgment remedy is a "remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . ." General Statutes 52-278(a) (rev'd to 1989); (citation omitted.) Fermont Division, Dynamic Corp. of America, Inc. v. Smith, CT Page 8951178 Conn. 85, 88, 423 A.2d 80 (1979).
A prejudgment remedy proceeding is not an adjudication on the merits but rather is "concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication on the merits of that action." Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 583, 376 A.2d 60 (1977), citing E. J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 629-30,356 A.2d 893 (1975). "An application for a prejudgment remedy is not a civil action upon which a cause of action for vexatious litigation may be based." Dinnis v. Roberts, Superior Court, Judicial District of New Haven, Docket No. 296974 (January 3, 1991).
The denial of the prejudgment remedy does not constitute an action upon which a lawsuit for vexatious litigation may be based. Therefore, the plaintiffs' motion to strike counts three and four is granted.
PICKETT, J.