[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Defendant moves to dismiss this one count complaint CT Page 7116 sounding in vexatious litigation on the ground that the previous lawsuit on which it is based, is still pending because it is on appeal.
That lawsuit was started by defendant law firm to collect a fee allegedly owned by the Plaintiff law firm in this action. Summary judgment was rendered in favor of the Plaintiff on September 13, 1993.
This action dated October 13, 1993, commenced by service on the defendant on October 19, 1993. On November 4, defendant filed an appeal from the summary judgment in the collection action.
Although defendants' motion dated March 28, 1994, was not filed "within thirty days of the filing of an appearance" as required by Practice Book § 142, plaintiff has not asserted this claim as a basis for denying the motion.
Defendant claims, essentially, that this vexatious action is premature because the prior action is on appeal and not terminated.
We find no authority to require the appeal period to be ended in the underlying action before a vexatious litigation action may be instituted. A motion to dismiss attacks the subject matter jurisdiction of the court and the "prior pending action" rule does not seem to implicate such jurisdiction. Halprin v. Board of Education,196 Conn. 647, 652 n. 4 citing Henry F. Rabb Connecticut Inc. v.J. W. Fisher Co., 183 Conn. 108 (1981).
Our Supreme Court has held that "a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." Blake v. Levy,191 Conn. 257, 263, (1983), citing Vandersluis v. Weil,176 Conn. 353, 356, (1978). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that he prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts Blakev. Levy, supra, 263. CT Page 7117
 A plaintiff in a vexatious litigation suit has not been required to "prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long a the proceeding has terminated without consideration."
Knickerbocker v. Village Apartments Prop. , 7 CSCR 1218,1219 (September 23, 1992, Pickett, J.), quoting DeLaurentisv. New Haven, 220 Conn. 225, (1991).
It is clear that plaintiff filed this vexatious litigation action before the appeal period for the court's decision in the collection case expired. It is also clear that defendant did not file an appeal until after plaintiff instituted this vexatious litigation claim during the appeal period.
It is not necessary for this court to determine whether the collection case "terminated in the plaintiff's favor" within the meaning of Blake v. Levy, supra, because we conclude that under the circumstances of this case, this court has subject matter jurisdiction.
Motion to dismiss denied.