[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR PERMISSION TO FILE MOTION TO STRIKE MOTION TO STRIKE (TUNXIS MANAGEMENT COMPANY) MOTION FOR SUMMARY JUDGMENT (D.A.N. JOINT VENTURE)
These consolidated cases concerning D.A.N. Joint Venture ("D.A.N.") and Tunxis Management Company ("Tunxis") arise out of bankruptcy proceedings in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, captioned, Inre Maritime Square, Inc., Docket No. 95-50585, brought pursuant to Chapter 11 of the Bankruptcy Code.
On August 1, 1995, the Bankruptcy Court approved the application of Maritime Square, Inc. ("MSI"), a debtor-in-possession, to contract with the defendant Tunxis to manage the real property known as 18 Marshall Street in Norwalk, Connecticut, pursuant to 11 United States Code § 327. MSI entered into a management agreement with Tunxis which set forth CT Page 15179 their relationship and responsibilities.
D.A.N., a creditor of MSI, filed an adversary proceeding against Tunxis in the United States Bankruptcy Court, Bridgeport Division, on May 31, 1996. As the holder of a first priority mortgage on the 18 Marshall Street property, D.A.N. asserted, among other claims, that Tunxis failed to manage the property in a responsible manner. The three-count complaint alleged a breach of duty under the management agreement between Tunxis and MSI, breach of contract of which D.A.N. was a third party beneficiary and liability of Aetna Casualty and Surety Company ("Aetna"), another defendant, to D.A.N., pursuant to a performance bond.
On January 8, 1997, D.A.N. voluntarily dismissed the adversary proceeding. D.A.N. then filed a complaint against Tunxis and Aetna in the Superior Court, judicial district of Hartford/New Britain, on February 3, 1997, making the same allegations as in the Bankruptcy Court. This case is entitledD.A.N. Joint Venture, II v. Tunxis Management Company and is one of the consolidated cases captioned above. In this matter, Tunxis filed a motion to strike, pursuant to Practice Book § 10-39, formerly § 152, on May 1, 1998. On July 8, 1998, the court,Stengel, J., denied the motion to strike on the ground that the motion to strike did not specify the reasons for the alleged legal insufficiency pursuant to Practice Book § 10-41, formerly § 154. In a motion filed on July 22, 1998, Tunxis seeks permission to file a second motion to strike to which D.A.N. has objected.
In response to D.A.N.'s lawsuit, Tunxis filed the consolidated case, a two count complaint captioned TunxisManagement Company v. D.A.N. Joint Venture II. Count One alleges vexatious suit based on the withdrawn adversary proceeding in the Bankruptcy Court. Count Two purports to set forth a claim pursuant to the Connecticut Unfair Trade Practices Act, Connecticut General Statutes, § 42-110 et seq ("CUTPA"). D.A.N. has moved for summary judgment on both counts.
 I. D.A.N. Joint Venture II v. Tunxis Management Company and Aetna Casualty Surety Company Motion to Strike
"The function of a motion to strike is to test the legal CT Page 15180 sufficiency of a pleading; it admits all facts well pleaded. The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, 698 A.2d 859 (1997); see Practice Book § 10-39, formerly § 152.
"[A] motion to strike . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 10-41, formerly § 154. "A general statement in a motion to strike that the complaint does not state a claim on which relief can be granted is usually deemed not to comply with the requirements of Practice Book 154." North Park MortgageServices, Inc. v. Pinette, 27 Conn. App. 628, 630, 608 A.2d 714
(1992); see Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991).
Tunxis' and Aetna's ("the defendants") original motion to strike simply stated that the plaintiff's complaint did not state a claim on which relief could be granted. Based on Practice Book § 154 and applicable case law, the defendant's motion to strike was fatally defective for failing to include reasons for any alleged insufficiency.
Connecticut appellate courts have not decided whether a party can file a second motion to strike after the party's first motion to strike was denied based on Practice Book 154. However, several Superior Court decisions have held that "Practice Book § 154 . . . does not prohibit [a party] from filing a second motion to strike." Knickerbocker v. Village Apartments Properties, Inc., Superior Court, judicial district of Litchfield, Docket No. 058389 (September 23, 1992, Pickett, J.) (second motion to strike granted after the plaintiff's first motion to strike was denied on the ground that the first motion failed to state the reasons for the alleged legal insufficiencies); see also First County Bank v.Graybar, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148461 (May 7, 1996, Hickey, J.); Chinniciv. Breakwater Key, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295110 (August 8, 1995,Tobin, J.); Gillette v. Town of New Milford, Superior Court, judicial district of Litchfield, Docket No. 054791 (September 16, 1992, Pickett, J.). CT Page 15181
In the case of G E Enterprises v. Automart, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293170 (May 20, 1993, Ballen, J.), the plaintiff filed a motion to strike the defendant's special defenses and counterclaim. The plaintiff, before the court ruled on the motion to strike, withdrew the motion and filed a more specific motion to strike. The court considered the second motion to strike stating, "[s]ince the defendant has responded to the plaintiffs arguments [in the second motion to strike], the defendant will not be prejudiced in any way by the court's decision to address the plaintiff's second motion to strike on the merits." Id.
In the present case, the court did not rule on the merits of the defendants' first motion to strike, the complaint has not been answered and D.A.N. has responded to the arguments contained in the second motion to strike. The court therefore grants the motion for permission to file the defendants' second motion to strike. Since the defendants have filed a second motion to strike along with their motion for permission to which D.A.N. has already responded and oral argument held, the court will address the merits of the motion to strike.
D.A.N. has sued Tunxis and Aetna under tort, contract and insurance principles set forth in a three-count complaint. Tunxis and Aetna have moved to strike the entire complaint on the grounds that all three counts are legally insufficient.
Count One
The first count of the complaint alleges a breach of an assumed duty by Tunxis as the managing agent of the 18 Marshall Street property. In support of the motion to strike this count, Tunxis asserts that it has no duty to D.A.N. because it (D.A.N.) is not a party to the management agreement between Tunxis and MSI. D.A.N. claims that Tunxis is under a duty to D.A.N., a first priority creditor, to maintain the property pursuant to the management agreement.
No law states that a managing agent of the property of a debtor-in-possession owes a duty to its creditors such as D.A.N. While D.A.N. is correct in its claim that MSI owes certain duties to creditors under the Bankruptcy Code, the bankruptcy cases it cites in support of its argument focus on the liability of debtors-in-possession to creditors, not the liability of a debtor-in-possession's managing agent to creditors. Because there CT Page 15182 is no duty owed by Tunxis to D.A.N., count one must be stricken.
Count Two
The second count is a third party beneficiary action directed against Tunxis also based on the management agreement between Tunxis and MSI. D.A.N. claims that it is a third party beneficiary of the agreement between MSI and Tunxis. "A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract . . . The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promissor should assume a direct obligation to the third party beneficiary." (Citations omitted; internal quotation marks omitted.) Gateway Co. v. DiNoia, 232 Conn. 223, 230-31,654 A.2d 342 (1995).
D.A.N. has not pleaded any facts to demonstrate MSI's or Tunxis' intention to assume a direct obligation to D.A.N. D.A.N.'s assertion that it is a third party beneficiary of the management agreement is a legal conclusion, and a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). Connecticut Superior Courts have stricken third party beneficiary breach of contract claims that do not allege an intent on the part of the promissor to benefit the third party. See Adams v.Cromwell, Superior Court, judicial district of Hartford-New Britain, Docket No. 563464 (February 27, 1998, Wagner, J.T.R.);Orsini v. Sentry Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 314225 (August 5, 1997, Leheny, J.);Vagnini v. Hanover Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 331860 (April 7, 1997, Thim,J.). Therefore, the second count of the complaint must also be stricken.
Third Count
The third count of D.A.N.'s complaint is entitled "Liability of Aetna to the Plaintiff on the Performance Bond." D.A.N. alleges," [t]he appointment of Tunxis as the Property Manager pursuant to the Management Agreement was conditioned upon Tunxis first procuring, and posting, a performance bond, which would be available (a) to satisfy the just claims of all interested CT Page 15183 parties who suffered damages as a consequence of any breach by Tunxis of the Management Agreement; and/or (b) to compensate such interested parties for all damages proximately caused by Tunxis' breach of its duty to manage the Property in a responsible manner and in accordance with the directives of the Management Agreement." Complaint, ¶ 16.
As D.A.N. concedes, the success of the third count depends on the viability of the first two counts. Since the motion to strike the first two counts is being granted, the third count must be also stricken.
 II Tunxis Management Company v. D.A.N. Joint Venture II.
On May 23, 1998, Tunxis filed a complaint against D.A.N. alleging vexatious suit based on the voluntary dismissal of the adversary proceeding filed by D.A.N. in the United States Bankruptcy Court. The complaint further alleges that D.A.N. violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. On July 1, 1998, D.A.N. filed a motion for summary judgment, a memorandum of law and an affidavit pursuant to Practice Book § 17-49, formerly § 384. The plaintiff filed a memorandum of law in opposition on August 7, 1998.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; formerly § 384; Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, ___ A.2d ___ (1998).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which . . . entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Practice Book § 17-46, formerly § 381; Hertz Corp. v. Federal Ins. Co.,supra, 245 Conn. 381. CT Page 15184
Count One
The tort of vexatious suit "requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable excuse, and terminated in the plaintiff's favor." Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64
(1995).
D.A.N. contends that after it voluntarily dismissed the suit in Bankruptcy Court, it immediately filed suit in the Connecticut Superior Court. D.A.N. argues that because it voluntarily withdrew the adversary proceeding and immediately refiled the action in state court, this action "cannot be reasonably construed as the termination of litigation in the plaintiff's favor." Defendant's Memorandum of Law in Support of Summary Judgment, p. 8.
In a vexatious litigation action, a plaintiff is not required "to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven,220 Conn. 225, 251, 597 A.2d 807 (1991). "The requirement of termination may be satisfied by showing that the suit in question was abandoned or dismissed. A final determination on the merits is unnecessary and the mere discontinuance of a civil suit in any way satisfies the requirement." (Citations omitted.) Colli v.Kamins, 39 Conn. Sup. 75, 76-7, 468 A.2d 295 (1983). The fact that D.A.N. voluntarily dismissed the case in the Bankruptcy Court is sufficient to demonstrate the "termination in the plaintiff's favor" element of vexatious suit.
Although the defendant claims in support of its motion for summary judgment that the lack of subject matter jurisdiction in the Bankruptcy Court does not in itself constitute the lack of probable cause, it makes no effort to establish probable cause either in its moving papers or in the single affidavit filed in support thereof. Neither has D.A.N. made any effort to address the issue of malice. Having failed to demonstrate either that the prior proceeding did not terminate in Tunxis' favor or that there was probable cause for D.A.N. to bring the adversary proceeding in the Bankruptcy Court (or for that matter that there was no malice on its part in doing so), the motion for summary judgment must be denied. CT Page 15185
As the moving party in a motion for summary judgment, it was incumbent upon D.A.N. must bring forth evidence to establish that it was entitled to judgment as a matter of law. D.A.N. has utterly failed to meet this burden. D.A.N.'s bald assertion that it had probable cause to sue Tunxis in the Bankruptcy Court because, upon voluntary dismissal, it immediately refiled its action in state court is without merit. Its claim that the Bankruptcy Court arguably had subject matter jurisdiction to hear the adversary proceeding against Tunxis also does not establish probable cause. Subject matter jurisdiction is a determination of whether a court can hear a particular claim, not whether the claim is valid. "Only one of a [non-moving party's] defenses needs to be valid in order to overcome [a] motion for summary judgment." Union Trust Company v. Jackson, 42 Conn. App. 413,417, 679 A.2d 421 (1996).
The motion for summary judgment is to count one is therefore denied.
Count Two
CUTPA provides in pertinent part, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b. The determining factors of a CUTPA claim are "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise . . .; (2) whether it is immoral, unethical, oppressive or unscrupulous; and (3) whether it causes substantial injury to consumers [competitors or other business persons]." Willow SpringsCondominium Association, Inc v. Seventh BRT Development Corp.,245 Conn. 1, 43, ___ A.2d ___ (1998).
Tunxis has not pleaded any of these factors; nor has it alleged any facts necessary to establish a CUTPA claim. Further. Tunxis has made no response to D.A.N.'s contention that Tunxis has no cognizable CUTPA claim. Therefore, D.A.N.'s motion for summary judgment is granted as to count two.
Accordingly, in the matter of D.A.N. Joint Venture II v.Tunxis Management Company and Aetna Casualty and Surety Company, Docket No. 567959, Tunxis' motion to strike D.A.N.'s complaint is granted. In the matter of Tunxis Management Company v. D.A.N.CT Page 15186Joint Venture II, Docket No. 581390, D.A.N.'s motion for summary judgment is denied as to count one and granted as to count two.
Peck, J.